Maxwell *v.* Haynes.

ALEXANDER MAXWELL *& al.* versus NATHANIEL HAYNES *& al.*

41 559
91 177

A. sold to B. certain goods, for which the latter promised to pay a bill due from A. to C. Afterwards C. presented his bill to B., who said the bill was good, that he had agreed with A. to pay it, and that he would pay it soon. *Held,* that the promise of B. was based on a new and original consideration ; that, therefore, it does not come within the statute of frauds, and that B. is liable.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

The facts of the case appear in the opinion of the Court.

*Everett,* for plaintiff.

*A. Sanborn,* for defendants.

The evidence shows only a verbal promise of the defendants to pay the debt of another. It therefore comes within the statute of frauds, and the action cannot be maintained.

GOODENOW, J. — This is an action of assumpsit. The plaintiffs introduced witnesses to prove that Cowan & Knowles hauled logs in the winter of 1854 on the defendants' town for them by the thousand; that Cowan & Knowles made bills at different places during the winter, among the rest the plaintiffs' bill. In the spring of 1854, Cowan & Knowles sold out all their "fixings" in the woods to the defendants; and they promised Cowan & Knowles to pay said bills; that the plaintiffs called on the defendants, and the defendants said the bill was good, and they would pay it soon, that they had agreed with Cowan & Knowles to pay it. The defendants rely upon the statute of frauds.

It seems to us reasonable to infer, from the report of the case, that the promise of the defendants arose from a new and original consideration of benefit or harm, moving between the newly contracting parties; and it is not therefore within the statute of frauds. *Dearborn* v. *Parks,* 5 Maine, 81.

The defence fails. *Hilton* v. *Dinsmore,* 21 Maine, 410.

A default must be entered and judgment for $33,48, and interest from the date of the writ as damages.

TENNEY, C. J., and APPLETON, HATHAWAY, and MAY, J. J., concurred.